# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

_____

HUGOLINO ROMERO SANTOS,          :
          Petitioner,          :
                              :

          v.          :    No.    2:26-cv-04627
                              :

JAMAL LAWRENCE JAMISON, *Warden,* :
*Philadelphia Federal Detention Center*;    :
JOHN RIFE, *ICE Field Office Director*    :
MARKWAYNE MULLIN, *Secretary of the* :
*Department of Homeland Security*;    :
DAVID VENTURELLA, *Acting Director of* :
*Immigration and Customs* Enforcement; and :
TODD BLANCHE, *Acting U.S. Attorney*    :
*General*;          :
          Respondents.          :

_____

# **O R D E R**

**AND NOW,** this 20th day of July, 2026, upon consideration of the Petition for Writ of

Habeas Corpus pursuant to 28 U.S.C. § 2241, ECF No. 1;[1] the Government's Response in

Opposition, ECF No. 3;[2] and for the reasons set forth in this Court's Opinions issued in *Restrepo v.*

*Jamison*, No. 2:25-cv-06518, 2026 WL 141803 (E.D. Pa. Jan. 20, 2026) and *Mirdjalilov v. Federal*

*Detention Center Philadelphia, et al.*, No. 2:25-cv-07068, 2026 WL 184249 (E.D. Pa. Jan. 23,

2026), which are incorporated in their entireties herein;[3] **IT IS ORDERED THAT**:

---

[1]    Petitioner Hugolino Romero Santos, a citizen of Mexico, last entered the United States without inspection in 2006. *See* Pet. ¶ 24, ECF No. 1. Since entering the country, Petitioner has lived in Philadelphia and become a father to two children, who are United States citizens. *Id.* at ¶¶ 25, 27. On July 3, 2026, Petitioner was arrested and detained by ICE agents outside his home, and was placed in custody at the Philadelphia Federal Detention Center. *Id.* at ¶¶ 25-26. Other than this arrest, Petitioner "has not been arrested or convicted of any criminal acts," *id.* at ¶ 3, and "does not have a criminal record," *id.* at ¶ 28. Petitioner has an upcoming Master hearing related to his immigration status on October 13, 2026. *See* ECF No. 1-5.
    Petitioner is currently being held in ICE custody without bond having been set. Petitioner, through counsel, filed his Petition for Writ of Habeas Corpus on July 3, 2026, in which he alleges that his current detention without a bond hearing violates the Immigration and Nationality Act (INA), the Administrative Procedure Act (APA), and the Fifth Amendment Due Process Clause. *See id.* ¶¶ 9, 35-81.
[2]    On July 13, 2026, the Government Respondents filed their Response, arguing that the Court should deny habeas relief because: (1) Petitioner is lawfully detained pursuant to 8 U.S.C. § 1225(b)(2); and (2) Petitioner's detention does not violate Constitutional due process requirements. *See* ECF No. 3.
[3]    These opinions addressed similar habeas claims and rejected the Government's arguments, which are substantially the same as those brought in the above-captioned action. These opinions represent only two of

The Petition for Writ of Habeas Corpus, ECF No. 1, is **GRANTED**,[4] as follows:

1. Petitioner Hugolino Romero Santos is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2), and instead may be detained, if at all, pursuant to the discretionary provisions of 8 U.S.C. § 1226(a);[5]

2. **Within seven (7) days of the date of this Order**, the Government SHALL provide Petitioner with a bond hearing in accordance with 8 U.S.C. § 1226(a);

3. If a bond hearing is not held before an Immigration Judge within seven (7) days, the Government shall immediately RELEASE Petitioner from ICE custody; and

4. The Clerk of Court shall mark this case **CLOSED**.

BY THE COURT:

*/s/ Joseph F. Leeson, Jr.*
JOSEPH F. LEESON, JR.
United States District Judge

---

dozens of analogous cases decided similarly in this District. In a manner consistent with other recent decisions in this District, this Court found that that the petitioners' continued detentions without a bond hearing violated the INA and Fifth Amendment due process protections and that such petitioners—*i.e.*, aliens who had been present in the United States for several years leading up to their detention—were not subject to the mandatory detention provision of 8 U.S.C. § 1225(b)(2). (The Court also found in these opinions that it has jurisdiction over such actions pursuant to 28 U.S.C. § 2241, that neither 8 U.S.C. §§ 1252(a), (b)(9), nor (g) strip the Court of jurisdiction, and that exhaustion is not required. The Government chose not to make these arguments in the instant case. *See* ECF No. 3.)

[4] Petitioner's continued detention without a bond hearing violates the INA. As he is entitled to habeas relief on this basis, the Court will not reach the merits of his arguments regarding the APA or Fifth Amendment due process violations. Since the INA violation is based on the lack of a bond hearing, the Court will order one. The Court orders Petitioner's release in the event that a bond hearing is not timely held.

[5] Unlike the habeas petitioners in *Restrepo* and *Mirdjalilov*, Petitioner has no pending application for citizenship or asylum—in fact, he has never attempted to obtain lawful status in the United States. *See* Pet. Thus, he cannot be said to be "seeking admission" as required for the Government to detain him under 8 U.S.C. § 1225(b)(2). He is not "taking active steps to obtain entry into the United States," but rather, "entered the United States in [2020] and has lived here ever since. . . . Section 1225 therefore does not apply to him." *See Quevedo Rivera, Derix Antonio v. Jamison*, No. 26-1653, 2026 WL 782166, at *3 (E.D. Pa. Mar. 19, 2026) (finding that a factually similar petitioner, who entered the United States without inspection and lived here for several years, was not subject to the mandatory detention provision of 8 U.S.C. § 1225(b)(2) but the discretionary detention provision of 8 U.S.C. § 1226(a), because he was a noncitizen already present here (citing *Jennings v. Rodriguez*, 583 U.S. 281, 303 (2018))).